UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GUISELA AGUIRRE GUERRA, | Case No. 3:18-CV-00376-LRH-CLB |
|---|---|
| Plaintiff, | |
| v. | AMENDED ORDER[1] |
| DEMATIC CORP., a Delaware Corporation; SIEMENS INDUSTRY, INC., a Delaware Corporation; DOES 1-25; and BLACK CORPORATIONS A-Z, | |
| Defendants. | |
| DEMATIC CORP., a Delaware Corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| SALLY BEAUTY SUPPLY, LLC f/k/a SALLY BEAUTY COMPANY, INC., | |
| Third-Party Defendant. | |

Third-party defendant Sally Beauty Supply, LLC ("Sally Beauty") has filed a motion to dismiss the third-party complaint of defendant/third-party plaintiff Dematic Corp. ("Dematic") (ECF No. 19) for failure to comply with the requirements of Federal Rule of Civil Procedure 14(a)(1) and pursuant to Rule 12(b)(6). (ECF No. 30). Dematic has opposed Sally Beauty's motion to dismiss and filed a countermotion for leave to amend pleadings (ECF No. 33, 34). Sally Beauty

---

[1] This Order has been amended to set a deadline for the filing of an answer to the third-party complaint.

1

has replied in support of the motion to dismiss third-party complaint and in opposition to the countermotion for leave to amend pleadings (ECF No. 35, 36), and Dematic has replied in support of its countermotion for leave to amend pleadings (ECF No. 37).

This case arises from an incident that occurred on June 15, 2016, wherein the plaintiff in the underlying lawsuit, Guisela Aguirre Guerra, alleged that she was injured while operating a warehouse conveyor gate designed by Dematic and located at a warehouse operated by Sally Beauty. (ECF No. 1-1 at 5–7). Dematic filed the third-party complaint against Sally Beauty on January 24, 2019, claiming that Sally Beauty had expressly agreed to indemnify Dematic from all third-party claims arising from the equipment sold to Sally Beauty and that it was entitled to an immediate defense from Guerra's claims. (ECF No. 19 at 3–4).

Impleader and third-party practice are governed by Federal Rule of Civil Procedure 14, which provides that:

> "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."

Fed. R. Civ. P 14(a)(1). On a timely motion, the decision whether to implead a third-party defendant is left to the broad discretion of the trial court and will only be reviewed for abuse of discretion. *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986), *cert. denied*, 479 U.S. 1065 (1987); *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir.1983), *cert. denied*, 464 U.S. 1071 (1984). FRCP 14(a)(1) requires a party who wishes to file a third-party complaint outside of the 14-day window to move for leave to implead the third-party so that the court may exercise its discretion in granting or denying the request.

It is undisputed that no such explicitly titled motion was filed in this case. Dematic argues that the Court should treat a stipulation it previously filed as a motion for leave to implead Sally Beauty. This stipulation was entered by order of this Court on January 9, 2019, which contained the following provision: "[d]efendant Dematic Corp. may file a third-party complaint against Sally Beauty Supply, the purchaser and owner of the product allegedly involved in Plaintiff's injury." (ECF No. 15). Dematic filed its original answer in this case on August 5, 2018. (ECF No. 3).

2

Dematic did not serve a summons or complaint on Sally Beauty within 14 days after serving its original answer or file a timely "motion" for leave to file a third-party complaint under Federal Rule of Civil Procedure 14(a)(1). However, the stipulation allowing the third-party complaint was made in apparent good faith shortly after Dematic discovered reported modifications to the subject equipment by Sally Beauty. Therefore, the issue is whether the stipulation between the parties was acceptable as a substitute for a 14(a) motion and whether the court should exercise its discretion and allow the third-party complaint.

Although Dematic did not file a motion for leave to implead Sally Beauty, the Court reviewed the proposed stipulation and the terms contained within it and decided to grant it. (ECF No. 15). The fact that Dematic's stipulation was not explicitly filed as a motion is, at best, a technical difference. The Court declines to read Rule 14(a) in such a rigid manner and accepts the stipulation as a substitute for a 14(a)(1) motion. The purpose of Rule 14(a) is to prohibit a defendant from impleading a third party without the Court's permission when the case is underway, and by filing a stipulation, Dematic certainly sought the Court's permission to implead Sally Beauty. The Court accordingly exercised its discretion and granted the stipulation, allowing Dematic to implead Sally Beauty.

IT IS THEREFORE ORDERED that third-party defendant Sally Beauty Supply, LLC's motion to dismiss (ECF No. 30) is **DENIED**.

IT IS FURTHER ORDERED that third-party plaintiff Dematic Corp.'s motion to file an amended complaint (ECF No. 34) is **DENIED** as the court finds the existing third-party complaint is legally sufficient in this matter.

IT IS FURTHER ORDERED that Sally Beauty shall have 20 days from the entry of this order by which to file an answer to the third-party complaint (ECF No. 19).

IT IS SO ORDERED.

DATED this 14th day of January, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE