# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GUISELA AQUIRRE GUERRA, | 3:18-CV-0376-LRH-CLB |
| Plaintiff, | |
| v. | **ORDER** |
| DEMATIC CORP, *et al.,* | |
| Defendants. | |

Before the court is Plaintiff Guisela Aguirre Guerra's ("Guerra") motion for leave to file a second amended complaint (ECF No. 68). Defendant Dematic Corporation ("Dematic") opposed the motion,[1] (ECF No. 70), and Plaintiff replied. (ECF No. 71). Having thoroughly reviewed the records and papers, the Court denies Plaintiff's motion for leave to file a second amended complaint.

**I. Factual Background and Procedural History**

On June 11, 2018, Guerra filed a complaint against Dematic in state court alleging that it negligently caused, and is strictly liable for, an injury the plaintiff obtained while working for Sally Beauty Supply, LLC ("Sally Beauty"). (ECF No. 1-1). Specifically, Guerra alleges that a lift gate, which allows the user to pass through a portion of the conveyor belt system in Sally Beauty's warehouse, manufactured and installed by Dematic, injured Guerra in 2016. (ECF No. 1-1 at 5-6). Dematic removed the case to this Court pursuant to 28 USC § 1441. (ECF No. 1). After a brief period of discovery, the parties filed a stipulation to amend the complaint adding as defendant Dematic's predecessor Raspitan

---

[1] Defendant Sally Beauty Supply LLC filed a non-opposition to Guerra's motion. (ECF No. 69).

1

Demag ("Raspitan")[2], the company originally responsible for the development and installation of the lift gate at Sally Beauty. (ECF No. 14). After further discovery, Guerra claims she uncovered additional information giving rise to the current motion to amend.

Guerra's proposed second amended complaint ("SAC") alleges, in addition to the claims set forth in the original complaint, Raspitan misrepresented the amount of force required to lift the gate when they sold the conveyor system to Sally Beauty in 1999. (ECF No. 68-1 at ¶ 20-23). Specifically, Plaintiff alleges Raspitan represented to Sally Beauty in 1999 that the lift gate would take "less than 40 pounds of force to lift." (ECF No. 68-1 at ¶ 21). The complaint further alleges that after testing the gate, Guerra found the amount of force required to lift the gate is "over 55 pounds[.]" (ECF No. 68-1 at ¶ 22) The SAC does not provide the specific date that the representation was made, the specific person it was made to or any other specific allegations related to the alleged misrepresentation.

II. **LEGAL STANDARD**

    **A. Motion for Leave to Amend Complaint**

The Federal Rules of Civil Procedure state that "leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). "After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. *Eminence Capital, LLC v. Aspeon*, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). When deciding whether to grant leave to amend federal courts consider the following five factors: (1) undue delay, (2) bad faith, (3) repeated failure to cure deficiencies, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility of amendment. *Id.* at 1052 (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)).

Rule 15(a) creates a presumption in favor of granting leave to amend, however, leave to amend is properly denied when amendment would be futile. *Foman v. Davis*, 371

---

[2] Dematic has stipulated that Dematic has assumed Raspitan's liabilities in this case. Therefore, if Raspitan is found liable, then Dematic is responsible.

U.S. 178, 182. (1962).  Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal." *Steckman v. Hart Brewing*, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); *see also Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (amendment is futile when the claimant lacks standing to bring the claim).

### B.  Nevada Deceptive Trade Practices Act

The Nevada Deceptive Trade Practices Act ("NDTPA") grants a broad right of action to "any person who is a victim of consumer fraud." NRS 41.600(1).  The statute goes on to define consumer fraud as deceptive trade practices stated in "NRS 598.0915 and 598.092, inclusive." NRS 41.600(2)(e).  "If the claimant is the prevailing party, the court shall award the claimant "[a]ny damages that the claimant has sustained." NRS 41.600(3)(a).

The Nevada Supreme Court has yet to define the elements of a claim brought under the NDTPA, "including whether causation and reliance are required." *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 657.  Where a Federal Court is deciding an issue not yet reached by the State's highest court, "the task of the federal courts is to predict how the state high court would resolve it." *Id.* (*quoting Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007).)

To best effectuate the legislative intent, Nevada Courts interpret statutes according to their plain and ordinary meaning. *Poole v. Nevada Auto Dealership Investments, LLC*, 135 Nev. 280 (Nev App.  2019). "When a statute 'is susceptible to more than one natural or honest interpretation, it is ambiguous, and the plain meaning rule has no application. *Id.* (*quoting State, Dep't of Bus. & indus. V. Granite Constr. Co.*, 118 Nev. 83, 87 (Nev. 2002)).  Once a statute is deemed to be ambiguous, the courts "consult legislative history, reason, and policy" to effectuate the legislative intent.  *In re CityCenter Constr. & Lien Mater Litig.*, 129 Nev. 669, 673.

3

Applying these principles to the NDTPA, the court in *Picus v. Wal-Mart Stores, Inc.* found that "for a private NDTPA claim for damages, the Nevada Supreme Court would require, at a minimum, a victim of consumer fraud to prove that (1) an act of consumer fraud by the defendant (2) caused (3) damage to the plaintiff." 256 F.R.D. at 658. Moreover, when the claimant alleges an affirmative misrepresentation, the causation element includes reliance. *Id.* This court agrees.

Furthermore, to be a victim under the NDTPA and have standing to bring a claim, the claimant must show that the deceptive trade practices "directly harmed" her. *Del. Webb Communities, Inc. v. Partington*, 652 F.3d 1145, 1153 (9th Cir. 2011). This direct harm standard, when considered with the elements of the underlying offense, requires the claimant to show a minimal causal connection between the deceptive trade practice and the alleged harm to have standing to bring a claim.

**II. Discussion**

    **A.  Failure to Properly Plead Claim**

The SAC alleges as follows: In 1999, Rapistan sold the gate at issue in this case to Sally Beauty. (ECF No. 68-1 at ¶ 21). At the time of the sale, Rapistan represented that the gate would take less than 40 pounds of force to lift the gate. (*Id.*) However, the SAC alleges this representation was false because "it takes in excess of 55 pounds to lift the gate." (*Id.* at ¶ 22). Thus, according to the SAC, Dematic, through Rapistan's false representation, violated NRS 598.0915. However, NRS 598.0915 contains sixteen (16) separate subsections and the SAC fails to identify which of these subsections was allegedly violated. This alone is sufficient to deny the motion to amend. *See Huggins v. Quality Loan servicing, LP*, 2011 WL 310490 at *4 (D. Nev. Jan. 27, 2011) (dismissing the claim because plaintiff failed to clarify which provision of NRS 598.0915 the defendants have violated on the face of the complaint).

///

///

4

**B. Futility**

Although the SAC does not point to the specific provides of NRS 598.0915 that allegedly violated, Guerra's motion to amend identifies subsections (5), (7), (9) and (15) as the subsections at issue in this case. (ECF No. 68 at 3).[3] Each of the subsections identified require proof that a representation was made in connection with the alleged deceptive trade practice. However, even if the court assumes the identification of these subsections in motion is sufficient for purposes of ruling on the motion to amend, the motion must be denied on this basis as well because Guerra does not have standing to assert these claims.

For a plaintiff to properly assert a claim under any subsection of NRS 598.0915, they must first meet the standing requirements proscribed by NRS 41.600(1). As stated above, only victims of deceptive trade practices may bring a claim under the statute. NRS 41.600(1). To be a victim of deceptive trade practices the plaintiff must have suffered a "direct harm" from the alleged wrongdoing, *Del Webb*, 652 F. 3d at 1153, or stated differently there must be at least some minimal causal connection between the alleged deceptive trade practice and the injury. This basic principle of causation is evident in the text of the underlying statute. *see Picus*, 256 F.R.D. at 658. In this case, Guerra alleges Rapistan made a misrepresentation regarding the gate provided to Sally Beauty in 1999 – 17 years prior to her injury. (ECF No. 68-1 at ¶ 21).  Guerra does not allege that she knew of the representation, nor does she allege that she relied on the representation in any manner. (See ECF No. 68-1 at ¶¶ 21-24). However, the provisions of NRS 598.0915 Guerra claims are at issue in this case each involve conduct involving an affirmative representation.

---

[3] Guerra's motion asserts that NRS 598.0915(9) applies to this case. (See ECF No. 68 at 3). This subsection makes it a deceptive trade practice to "advertise[] goods or services with intent not to sell or lease them as advertised." NRS 598.0915(9). However, nothing in the SAC indicates that the misrepresentation was made in advertising to the broader public. Rather, the SAC only asserts the representation was made to Sally Beauty. (ECF No. 68-1 at ¶ 21). Thus, the court finds this subsection does not apply.

Although Guerra argues that she need not show that she relied on the misrepresentation in order to assert her deceptive trade practices claim, (ECF No. 71 at 5), this position is contrary to the line of cases surrounding the NDTPA and is not supported by the language of the statute. See *Del Webb*, 652 F. 3d at 1153; *Picus*, 256 F.R.D. at 658. As noted above, when alleging an affirmative misrepresentation was made to support a claim of deceptive trade practices, the law requires the claimant to allege reliance on the misrepresentation. *Picus*, 256 F.R.D. at 658.

Guerra's failure to allege any facts suggesting she knew of the representation or relied on the representation is fatal to her claim. The facts alleged by Guerra only show a misrepresentation was made to Sally Beauty in 1999 – some 17 years before Guerra was injured. (ECF No. 68). Rather, Guerra's proposed SAC only alleges the gate itself caused her harm. (ECF Nos. 1, 68). This alleged harm is only tangentially related to the words in an information brochure provided to her employer 17 years before the injury. Without Guerra knowing what Raspitan claimed the weight of the gate to be, she cannot be a victim of the misrepresentation. Therefore, even assuming all of Guerra's factual allegations to be true, the claim fails to allege any facts that would suggest Guerra has standing under NRS 41.600(1). *See Del Webb*, 652 F. 3d at 1153.

Due to Guerra's lack of standing to bring a claim, allowing the amendment would be futile. *Carrico*, 656 F.3d at 1008. Therefore, the motion for leave to file a second amended complaint must be denied.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that Guerra's motion for leave to file seconded amended complaint (ECF No. 68) is **DENIED**.

DATED: September 9, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

6