UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GUISELA AGUIRRE GUERRA,<br><br>Plaintiff,<br><br>v.<br><br>DEMATIC CORP., *et al.*,<br><br>Defendants. | Case No. 3:18-CV-00376-LRH-CLB<br><br>**ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT AND GRANTING SUPPLEMENTS TO MOTION TO STRIKE**<br><br>[ECF Nos. 117, 121, 123] |

Before the Court is Defendant Dematic Corp.'s, ("Dematic") motion to strike Plaintiff Guisela Aguirre Guerra's ("Guerra") supplemental expert report by Dr. Brian Bantum ("Dr. Bantum"). (ECF Nos. 117, 119, 121, 123.)[1] Guerra opposed the motion, (ECF No. 125), and Dematic replied. (ECF No. 126.) Having thoroughly reviewed the record and papers, Dematic's motion to strike (ECF No. 117) and supplements to the motion to strike (ECF Nos. 121, 123) are granted, for the reasons stated herein.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 11, 2018, Guerra filed a complaint against Dematic in state court alleging that it negligently caused, and is strictly liable for, an injury Guerra obtained while working for Sally Beauty Supply, LLC ("Sally Beauty"). (ECF No. 1-1). Specifically, Guerra alleges that a lift gate—manufactured and installed by Dematic—which allows the user to pass through a portion of the conveyor belt system in Sally Beauty's warehouse, injured Guerra's right arm on June 15, 2016. (ECF No. 1-1 at 5-6.) Dematic removed the case to this Court on August 8, 2018, pursuant to 28 U.S.C. § 1441. (ECF No. 1.)

Discovery deadlines have been extended numerous times throughout this case. On July 28, 2021, the parties filed a <u>seventh</u> stipulation for extension of time to complete

---

[1]   ECF Nos. 121 and 123 are supplements to ECF No. 117, which is the motion to strike. ECF No. 119 is a joinder to the motion to strike filed by Third Party Defendant Sally Beauty Supply, LLC.

discovery, which the Court granted. (ECF Nos. 97, 98.) Pursuant to the July 28, 2021 scheduling order, initial expert reports were due August 13, 2021, rebuttal expert disclosures were due September 10, 2021, and the close of discovery was December 30, 2021. (ECF No. 98.)

On August 20, 2021, the parties filed a joint notice of discovery dispute. (ECF No. 100.) Dematic requested to continue discovery due to Guerra disclosing a new left shoulder injury, while Guerra disagreed with a continuance. (*Id.*) Dematic claimed it would be prejudiced because it could not conduct a full functional capacity evaluation to test the accuracy or validity of opinions of Guerra's expert witness, Rhonda Fiorillo—who gave an opinion from her July 2, 2018 functional capacity evaluation—due to Guerra's new left shoulder injury. (*Id.*) The notice further stated, "[t]here is no dispute that the parties' experts can supplement their reports to take [Guerra's] new left shoulder injury into account to give opinions as to whether it is related to or caused by [Guerra's] original right arm injury." (*Id.* at 3.) On August 23, 2021, the Court held a hearing regarding the notice of discovery dispute. (ECF No. 101.) Counsel for Dematic and Sally Beauty advised the Court that they intended to re-depose Guerra and depose other witnesses based on Guerra's newly disclosed injury but felt this could be completed within the current discovery deadline of December 31, 2021. (ECF No. 102.) The Court denied the notice without prejudice and tabled the issue for a later case management conference. (*Id.*)

On December 6, 2021, the Court held another case management conference. (ECF No. 108.) Dematic requested an extension of discovery for the limited purpose of completing expert and witness depositions. (*Id.*) The Court granted the limited extension and set the close of discovery to complete expert and witness depositions for February 28, 2022. (*Id.*) The Court further advised the parties that no further case management conferences would be scheduled and if discovery issues arose, counsel should file formal discovery motions for the Court's consideration. (*Id.*)

The instant motion arises out of Dematic's assertion that an expert report from Guerra's expert, Dr. Bantum, was untimely disclosed. (ECF No. 117.) On May 27, 2021,

Guerra claims she injured her left arm while working for Sally Beauty. (*See* ECF No. 117-2 at 10.) Thus, Dr. Bantum issued a "supplemental" expert report on October 30, 2021, with the opinion that the May 27, 2021 injury was caused by the original incident on June 15, 2016. (*Id.* at 13-16.) The expert report was disclosed to Dematic on November 9, 2021, as part of Guerra's Eleventh Supplemental FRCP 26 disclosures. (*Id.* at 2-12.)

Dematic asserts there is an unjustifiable delay of 88 days between when Guerra was required to disclose her expert report and when she actually disclosed the expert report. (ECF No. 117.) Dematic requests the Court strike Dr. Bantum's October 30, 2021 expert report as untimely. (*Id.*)

On February 8, 2022, Dematic filed a supplement to its original motion to strike Guerra's expert report asserting that Guerra had disclosed another untimely Supplemental Expert Report by Dr. Bantum dated February 5, 2022, regarding Guerra's May 2021 left shoulder injury. (ECF No. 121.) This supplemental expert report involved Dr. Bantum reviewing Guerra's medical records from August 26, 2005, to January 19, 2022. (ECF No. 121-1 at 16-22.) Dematic again argues that Dr. Bantum should have issued any opinions related to all available records prior to the initial expert report deadline. (ECF No. 121.) In addition, Dr. Bantum opines that Guerra will require future medical care regarding the left shoulder. (ECF No. 121-1 at 22-23.) Dematic argues this opinion is untimely for the same reasons made in the moving Motion, but also that the opinions in the February 5, 2022 report lack sufficient foundation and should also be stricken. (ECF No. 121.)

On February 9, 2022, Dematic filed a second supplement to its original motion to strike Guerra's expert report asserting that Guerra had disclosed an addendum to the February 5, 2022 expert report by Dr. Bantum. (ECF No. 123.) Dematic argues this addendum report must also be stricken because it was untimely disclosed and lacks proper foundation. (*Id.*)

Guerra filed an opposition to the motion to strike and supplements thereto. (ECF No. 125.) Guerra asserts that the motions to strike should be denied as the parties agreed

in their August 20, 2021 joint notice of discovery dispute that the parties' experts could supplement their reports to take into account Guerra's new left shoulder injury. (*Id.* at 2.) Guerra asserts that because she continues to receive additional medical care and claims on-going and future medical damages, she is required to supplement when new and additional information becomes available. (*Id.*)

## II.  LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, the initial disclosures of expert opinions are conducted in accordance with the timeframe set by a scheduling order or, if no order is entered, pursuant to the timeframe stated in the Rules. Fed. R. Civ. P. 26(a)(2)(B). The Rules require the initial disclosure of an expert's opinion to be "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). "A party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). After initial disclosures are made, a party is required to supplement the initial disclosure "in only three situations: 1) upon court order; 2) when the party learns that the earlier information is inaccurate or incomplete; or 3) when answers to discovery requests are inaccurate or incomplete." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998); *see also* Fed. R. Civ. P. 26(e)(1).

Supplementation "means correcting the interstices of an incomplete report based on information that was not available at the time of disclosure." *Keener*, 181 F.R.D. at 640. If the second disclosure presents "rebuttal evidence," the disclosure must be submitted in accord with Rule 26(a)(2)(D)(ii). *Id*. Evidence is "rebuttal" evidence when it is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph(a)(2)(B)," and must be made "within 30 days after the disclosure made by the other party." Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also Keener*, 181 F.R.D. at 640.

Rule 26(e) "creates a 'duty to supplement,' not a right." *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009). Supplementation is not "a

loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions there in, can add to them to her advantage after the court's deadline has passed." *Id*. Overall, Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report." *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003).

"To countenance a dramatic, pointed variation of an expert's disclosure under the guise of Rule 26(e)(1) supplementation would be to invite the proverbial fox into the henhouse. The experienced expert could simply 'lie in wait' so as to express his genuine opinions only after [the opposing party] discloses hers." *Keener*, 181 F.R.D. at 641.

### III. DISCUSSION

Guerra asserts that Dr. Bantum's October 30, 2021 report was a permissible supplementation of his initial expert opinion. In his October 30, 2021 report, Dr. Bantum asserts that the purpose of the report "is to assess if there is a connection between [Guerra's] May 27, 2021 left shoulder injury and her previous right upper extremity injury." (ECF No. 117-2 at 13.) However, Dr. Bantum's initial expert opinion did not include or discuss the possibility or foreseeability that Guerra could injury another limb five years after the initial injury at issue in this case. Thus, this report contained all new causation opinions related to Guerra's new injury. To allow free "supplementation" would "circumvent the full disclosure requirement implicit in Rule 26. . ." and there would be no finality to expert reports. *Beller,* 221 F.R.D. at 701-702. In fact, it appears in some instances Guerra took the opportunity to "supplement" as an open door to add information that is improper under the Rules. Dr. Bantum's opinions in his October 30, 2021 were not "supplementing" his initial report, as his opinions as to causation did not address errors or new information but instead sought <u>to add information</u> that should have been included in an initial report. As such, Guerra had a duty to disclose Dr. Bantum's initial expert opinion related to causation for the May injury before the August 13, 2021 initial expert report deadline.

Dr. Bantum's report states that he reviewed the following: (1) Guerra's September 24, 2020 and October 2, 2020 depositions; (2) Guerra's June 1, 2021 reporting of the May 27, 2021 injury; (3) Dr. Jarvis's treatment records, dated June 1, 2021 through June 10, 2021; (4) MRI, dated July 30, 2021; and (5) Dr. Dobbs's treatment records, dated August 30, 2021, September 27, 2021, and October 25, 2021. (*Id.* at 13-15.) All the referenced documents, aside from those from Dr. Dobbs, were available well before the August 13, 2021 initial expert report deadline. Thus, Guerra not only should have disclosed Dr. Bantum's initial opinions related to causation before the initial expert report deadline, but based on his own report, it is clear he had the information available to do so in a timely manner. If Guerra had timely disclosed Dr. Bantum's expert opinion, any further supplementation to that initial report—such as his opinions related to Dr. Dobbs's treatment records—would have been appropriate to supplement at a later date. Thus, because Dr. Bantum's initial opinions on causation were untimely disclosed, all subsequent reports as to causation, including the February 5, 2022 and February 9, 2022 reports are also untimely.

Having determined that Dr. Bantum's expert reports were untimely filed, the Court must next determine the appropriate sanction that should be imposed. Dematic requests the imposition of sanctions, specifically that the report and supplements thereto be stricken, for the untimely disclosure of the expert report under Rule 37(c). (ECF No. 117 at 7-8).

Rule 37(c)(1) permits the Court to implement sanctions that include the payment of reasonable expenses, striking documents in whole or in part, and barring the use of information to supply evidence at a motion, hearing or trial. Fed. R. Civ. P. 37(c)(1)(A)-(C). Rule 37(c)(1) "was intended to foster stricter adherence to discovery requirements and to broaden the power of the district court to sanction violations of Rule 26." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "Two express exceptions ameliorate the harshness of Rule 37(c)(1): the information may be introduced if the parties' failure to disclose the required information is substantially justified or

harmless." *Id.* (citing Fed. R. Civ. P. 37(c)(1)). To determine whether substantial justification and harmlessness exist, the Court looks to several factors, including "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Silvagni*, 320 F.R.D. at 242. Ultimately, "this is an equitable analysis entrusted to the Court's discretion." *Id*.

Dematic was certainly surprised by the untimely disclosed report, as it was received after the initial expert and rebuttal expert disclosure deadlines. The untimely disclosure caused Dematic to be unable to have an opportunity to retain a rebuttal expert or perform a medical evaluation on the cause of the original injury at issue. Any remedy involving permitting Dematic additional discovery would necessitate continuance of the discovery deadlines, which is unreasonable at this juncture in the litigation, especially given discovery has closed and dispositive motions have already been filed—ECF Nos. 136, 137. Dematic is undoubtedly prejudiced by the untimely disclosure and does not have the ability to cure the prejudice. Guerra does not provide a sufficient explanation as to why Dr. Bantum was unable to issue his initial expert opinion as to causation by the initial expert report deadline. There has been no showing that Guerra's failure to disclose the report was substantially justified or harmless. For all these reasons, the Court grants Dematic's motions to strike (ECF Nos. 117, 121, 123) and hereby strikes Dr. Bantum's October 30, 2021, February 5, 2022, and February 9, 2022 expert reports as untimely.

## IV.  CONCLUSION

Consistent with the above, **IT IS ORDERED** that Dematic's motions to strike (ECF Nos. 117, 121, 123) are **GRANTED**; and,

**IT IS FURTHER ORDERED** that the information contained in Dr. Bantum's October 30, 2021, February 5, 2022, and February 9, 2022 reports be **STRICKEN**.

**IT IS SO ORDERED.**

DATED:  April 8, 2022              .

_____
UNITED STATES MAGISTRATE JUDGE