**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GUISELA AGUIRRE GUERRA,<br><br>Plaintiff,<br><br>v.<br><br>DEMATIC CORP., *et al.*,<br><br>Defendants. | Case No. 3:18-CV-00376-LRH-CLB<br><br>**ORDER ON PLAINTIFF'S MOTIONS TO COMPEL AND FOR SANCTIONS**<br><br>[ECF Nos. 118, 122, 124] |

Before the Court are three separate motions to compel and for sanctions filed by Plaintiff Guisela Aguirre Guerra ("Guerra"). (ECF Nos. 118, 122, 124.) Defendant Dematic Corp. ("Dematic") opposed the motions, (ECF Nos. 127, 128, 129, 133, respectively), and Guerra replied. (ECF Nos. 132, 135, 134, respectively.) Having thoroughly reviewed the record and papers, Guerra's motion to compel (ECF No. 118) and motion for sanctions (ECF No. 122) are denied, and Guerra's motion to compel, (ECF No. 124), is granted, in part, and denied, in part, for the reasons stated herein.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 11, 2018, Guerra filed a complaint against Dematic in state court alleging that it negligently caused, and is strictly liable for, an injury Guerra obtained while working for Sally Beauty Supply, LLC ("Sally Beauty"). (ECF No. 1-1). Specifically, Guerra alleges that a lift gate—manufactured and installed by Dematic—which allows the user to pass through a portion of the conveyor belt system in Sally Beauty's warehouse, injured Guerra's right arm on June 15, 2016. (ECF No. 1-1 at 5-6.) Dematic removed the case to this Court on August 8, 2018, pursuant to 28 U.S.C. § 1441. (ECF No. 1.)

Discovery deadlines have been extended numerous times throughout this case. On July 28, 2021, the parties filed a seventh stipulation for extension of time to complete discovery, which the Court granted. (ECF Nos. 97, 98.) Pursuant to the July 28, 2021 scheduling order, initial expert reports were due August 13, 2021, rebuttal expert

disclosures were due September 10, 2021, and the close of discovery was December 30, 2021. (ECF No. 98.)

At a case management conference held on December 6, 2021, Dematic requested an extension of discovery for the limited purpose of completing expert and witness depositions. (ECF No. 108.) The Court granted the limited extension and set the close of discovery to complete expert and witness depositions for February 28, 2022. (*Id.*) The Court further advised the parties that no further case management conferences would be scheduled and if discovery issues arose, counsel should file formal discovery motions for the Court's consideration. (*Id.*)

Guerra has now filed three separate motions related to discovery disputes with Dematic. On February 8, 2022, Guerra filed her first motion to compel and for sanctions. (ECF No. 118.) The motion relates to Guerra's Sixth and Seventh Set of Requests for Production of Documents and seeks responses to Requests Nos. 63, 66-67, 70-75, which request documents related to conveyor gates, other than the type Guerra lifted that allegedly caused her injuries. (*Id.*) On February 9, 2022, Guerra filed a motion for sanctions, or in the alternative, a motion to compel, which relates to Dematic's alleged failure to comply with ESI discovery. (ECF No. 122.) On February 10, 2022, Guerra filed a third motion to compel production requesting production of Dematic's financial statements, and for sanctions. (ECF No. 124.)

## II.   LEGAL STANDARDS

"Discovery is supposed to proceed with minimal involvement of the Court." *V5 Tech. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). "Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Id.* (internal quotations omitted). "[B]road discretion is vested in the trial Court to permit or deny discovery." *Hallett*, 296 F.3d at 751. The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed.

R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1–2 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g., F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C.*, 237 F.R.D. at 432.

**III.  DISCUSSION**

    **A.  Motion to Compel and for Sanctions – ECF No. 118**

On February 8, 2022, Guerra filed a motion to compel arguing that Dematic agreed to provide certain responses to requests for production but had failed to do so at the time of the filing of the motion. (ECF No. 118.) Specifically, the motion to compel concerns the

3

following Requests for Production:

| Request No. | Request for Production |
|---|---|
| 63 (Sixth Set) | With respect to Case number: 11538332 from your Sales Force ESI Production, document "Conveyor_gate_case_REDACTED.csv", and more particularly the conveyor gate(s) referenced in the email from Kevin Dunn (copy attached as Exhibit "1"), please produce:<br>(1) the purchase order for the conveyor gate(s) referenced in Exhibit 1;<br>(2) the engineering drawings for the conveyor gate model(s) most closely associated with the conveyor gate(s) referenced in Exhibit 1; and<br>(3) the product manual for the conveyor gate model(s) most closely associated with the conveyor gate(s) referenced in Exhibit 1. |
| 66 (Seventh Set) | Documentation sufficient to show the current cost of the springs on your conveyor gate Model 8125. |
| 67 (Seventh Set) | Documentation sufficient to show the current cost of the springs on your conveyor gate Model 125. |
| 70 (Seventh Set) | Documentation sufficient to show the force required to lift your gate Model 8150. |
| 71 (Seventh Set) | Any record of advertisements for employment at your warehouses from 1998-2000 which include a description of physical demands for the job (such as seen in GAG 2982-2996 – "Requires ability to lift material weighing up to 50 lbs"). |
| 72 (Seventh Set) | Document sufficient to show the component parts necessary to bring the lifting force of your gate Model 300 to under 25 pounds. |
| 73 (Seventh Set) | 1. Documentation sufficient to show the current costs associated with the component parts necessary to bring the lifting force of your gate Model 300 to under 25 pounds.<br><br>2. Documentation sufficient to show the costs associated with the component parts necessary to bring the lifting force of your gate Model 300 to under 25 pounds in 1999. |
| 74 (Seventh Set) | Documentation sufficient to show the current costs of the springs on your conveyor gate Model 300. |
| 75 (Seventh Set) | Documentation sufficient to show the cost of the springs on your conveyor gate Model 300 in 1999. |

In response, Dematic asserts that some of the requests at issue are irrelevant to Guerra's claims because they do not relate to the gate at issue in this case. (ECF No. 127.) Dematic asserts it supplemented its responses related to requests regarding the gate model at issue (Model 300). (*Id.*) Further, Dematic requested that Guerra withdraw the motion based on Dematic's supplemental responses. (*Id.*) In reply, Guerra asserts that only Request Nos. 66, 67, 70, and 71 remain at issue—all of which relate to gates other than the Model 300. (ECF No. 132.) Guerra further asserts that "relevance" in terms of discovery has a very broad meaning and the remaining requests "seek relevant information under this very broad meaning." (*Id.* at 3, citing *Heathman v. U.S. Dist. Court for Central Dist. of Cal.*, 503 F.2d 1032 (9th Cir. 1974).)

To be discoverable, information must be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy under Fed. R. Civ. P. 26 is liberally construed. To that end, discovery is ordinarily allowed under the concept of relevancy unless the information sought has no bearing on the claims and defenses of the parties. Here, Guerra has not shown how discovery related to gates different from the gate at issue in this case is relevant to her strict liability or negligence claims, where both claims relate specifically to the Model 300 gate. Accordingly, Guerra's motion to compel and for sanctions is denied.

**B.     Motion for Sanctions or Alternatively, Motion to Compel – ECF No. 122**

On February 9, 2022, Guerra filed a motion for sanctions, or in the alternative, a motion to compel. (ECF No. 122.) Guerra seeks sanctions for "Dematic's failure to comply with this Court's order directing the parties to cooperate as to ESI discovery."[1] (*Id.* at 8.) Dematic opposed the motion for sanctions stating that it has not failed to comply with ESI discovery, but rather Guerra "has been on a fishing expedition for [ESI] related to every gate designed by Dematic." (ECF No. 129.) Dematic asserts that the ESI searches requested by Guerra resulted in over 46,000 results from the search of Dematic's

---

[1] The order Guerra refers to is a minute order of the Court directing the parties to meet and confer to discuss ESI discovery. (ECF No. 72.)

Microsoft 365 system. (*Id.*) Dematic asserts that having to review and produce those 46,000 results is overly burdensome. (*Id.*)

As discussed above, the Court finds that information about gates different from the subject gate is irrelevant to the claims and defenses in this case. Dematic is not required to produce irrelevant information. Thus, the Court does not find that Dematic has failed to comply with this Court's order directing the parties to cooperate as to ESI discovery and Guerra's motion for sanctions, or alternatively to compel, is denied.

### C. Motion to Compel and for Sanctions – ECF No. 124

On February 10, 2022, Guerra filed a motion to compel production of Dematic's financial statements and for sanctions. (ECF No. 124.)  Guerra seeks Dematic's financial records for the past two years and asserts the discovery is relevant to her "claim for punitive damages." (*Id.* at 6, 9.) Dematic asserts that Guerra's request for Dematic's financial information is irrelevant to Guerra's claims, disproportionate to the needs of the case, and "is at best premature." (ECF No. 133.)

"A defendant's financial condition is relevant to the pursuit of punitive damages." *Allstate Ins. Co. v. Nassiri*, 2011 WL 318101, at *3 (D. Nev. Jan. 21, 2011) (quoting *United States v. Autumn Ridge Condominium Assoc.*, 265 F.R.D. 323, 327 (N.D. Ind. 2009) ("*Autumn Ridge*"). "The Ninth Circuit has not defined the parameters of the dissemination of financial information during discovery when punitive damages are alleged." *E.E.O.C. v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 394 (E.D. Cal. 2009). "The majority approach is that a plaintiff is not required to make a *prima facie* showing of merit on its punitive damages claim before permitting discovery of a defendant's net worth." *Searcy v. Esurance Ins. Co.*, 2015 WL 9216573, at *1 (D. Nev. Dec. 16. 2015) (citing *Momot v. Mastro*, 2011 WL 1833349, at *3 (D. Nev. May 13, 2011)). The countervailing approach, and the one chosen by the Supreme Court of Nevada, is that a plaintiff must first allege specific facts sufficient to support a claim for punitive damages. *See e.g. Hetter v. Eighth Judicial Dist. Court of State In and For County of Clark*, 874 P.2d 762, 766 (Nev. 1994) (Nevada law allows for the discovery of income tax returns when related to the issue of

punitive damages, so long as the requesting party has demonstrated some factual basis for the punitive damages claim).

Under either approach, Guerra has met her burden. Since she requests punitive damages in the complaint, the standard under the majority approach is met. *Cal. Psychiatric Transitions*, 258 F.R.D. at 395. She has also met the higher burden of the minority approach because she has set forth specific facts to support a claim for punitive damages. For discovery purposes, Nevada caselaw requires only that the plaintiff "demonstrate[ ] some factual basis for its punitive damage claim." *Hetter*, 874 P.2d at 766. Guerra has set forth facts, which if proved, support her claim for punitive damages based on failure to warn and "breach of duty to take reasonable measures to design, manufacture and sell reasonably safe products." (*See* ECF No. 16.) Accordingly, Guerra may seek discovery related to Dematic's financial condition for the purposes of her punitive damages claim. Further, the request for two years' worth of information is proportional to the needs of the case. *See e.g. Autumn Ridge*, 265 F.R.D. at 328 ("Other district courts addressing this issue have concluded that financial records over approximately the past two years is sufficient to establish a defendant's current net worth."); *E.E.O.C. v. Cal. Psychiatric Transitions*, 258 F.R.D. at 395 (requiring production of financial information for a two year period). Accordingly, Guerra's motion to compel production of Dematic's financial statements for a two-year period, (ECF No. 124), is granted.

### 1. Sanctions

Finally, Guerra requests sanctions in the form of reasonable attorneys' fees and costs for bringing the motion to compel. Under Federal Rule of Civil Procedure 37(a)(5)(A) if a motion to compel discovery is granted, or if disclosure or discovery is provided after a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain the disclosure or

discovery without court action;" "the opposing party's nondisclosure, response, or objection was substantially justified;" or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See Izzo v. Wal-Mart Stores, Inc.*, No. 2:15-cv-01142-JAD-NJK, 2016 WL 593532, at *4 (D. Nev. Feb. 11, 2016). Discovery conduct is "substantially justified under Rule 37 if reasonable people could differ on the matter in dispute." *Wood v. GEICO Casualty Company*, No. 2:16-cv-00806-GMN-NJK, 2016 WL 6069928, at *1 (D. Nev. Oct. 14, 2016). With these principles in mind, the Court denies the request for sanctions, as reasonable people could differ on the matter in dispute, thus, Dematic's failure to disclose was substantially justified.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines they do not warrant discussion as they do not affect the outcome of the motions before the Court.

**IT IS THEREFORE ORDERED** that Guerra's motion to compel and for sanctions, (ECF No. 118), is **DENIED**;

**IT IS FURTHER ORDERED** that Guerra's motion for sanctions, or alternatively, to compel, (ECF No. 122), is **DENIED**;

**IT IS FURTHER ORDERED** that Guerra's motion to compel production of Dematic's financial records, (ECF No. 124), is **GRANTED, in part, and DENIED, in part**; and,

**IT IS FURTHER ORDERED** that Dematic must produce financial records for the past two years by April 29, 2022.

**IT IS SO ORDERED.**

**DATED**: _April 15, 2022_ .

_____
**UNITED STATES MAGISTRATE JUDGE**