ADAM H. SPRINGEL, ESQ.
Nevada Bar No. 7187
NAKESHA S. DUNCAN-PEREZ, ESQ.
Nevada Bar No. 11556
CHAD D. FUSS, ESQ.
Nevada Bar No. 12744
**SPRINGEL & FINK LLP**
9075 W. Diablo Drive, Suite 302
Las Vegas, Nevada 89148
Telephone: (702) 804-0706
E-Mail: *aspringel@springelfink.com*
*nduncan@springelfink.com*
*cfuss@springelfink.com*

Attorneys for Defendant/Third-Party Plaintiff
*DEMATIC CORP.*

UNITED STATES DISTRICT COURT
STATE OF NEVADA
\*\*\*

| | |
|---|---|
| GUISELA AGUIRRE GUERRA,<br><br>    Plaintiff,<br><br>vs.<br><br>DEMATIC CORP., a Delaware Corporation; DOES 1-25; and BLACK CORPORATIONS A-Z,<br><br>    Defendants.<br>_____<br>DEMATIC CORP., a Delaware Corporation,<br><br>        Third-Party Plaintiff,<br><br>vs.<br><br>SALLY BEAUTY SUPPLY, LLC F/K/A SALLY BEAUTY COMPANY, INC.,<br><br>            Third-Party Defendant. | Case No.:   3:18-cv-00376-LRH-CLB<br><br>**STIPULATED PROTECTIVE ORDER** |

/ / /

-1-

The parties to this action, Defendant/Third-Party Plaintiff DEMATIC CORP. ("DEMATIC"), Third-Party Defendant SALLY BEAUTY SUPPLY, LLC f/k/a SALLY BEAUTY COMPANY, INC. ("SALLY"), and Plaintiff GUISELA AGUIRRE GUERRA ("Plaintiff") (collectively, the "Parties"), by their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

/ / /

/ / /

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in- house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by DEMATIC or SALLY or one of its competitors (as listed on Appendix A), the party shall notify the opposing party, or designating nonparty, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

///

///

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *See* also, *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

///

///

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

///
///
///
///
///
///
///

14. The Court's jurisdiction over the protective shall terminate upon dismissal of this case.

| | |
|---|---|
| Dated this 27th day of April, 2022 | Dated this 27th day of April, 2022 |
| SPRINGEL & FINK LLP | LAW OFFICE OF STEVEN P. BRAZELTON |
| */s/ Chad D. Fuss* | */s/ Steven P. Brazelton* |
| ADAM H. SPRINGEL, ESQ.<br>Nevada Bar No. 7187<br>NAKESHA S. DUNCAN-PEREZ, ESQ.<br>Nevada Bar No. 11556<br>CHAD D. FUSS, ESQ.<br>Nevada Bar No. 12744<br>9075 W. Diablo, Suite 302<br>Las Vegas, Nevada 89148<br>Attorneys for Defendant/Third-Party Plaintiff<br>*DEMATIC CORP.* | STEVEN P. BRAZELTON, ESQ.<br>Nevada Bar No. 5882<br>601 S. Arlington Avenue<br>Reno, Nevada 89509<br>Attorneys for Plaintiff,<br>*GUISELA AGUIRRE GUERRA* |

Dated this 27th day of April, 2022

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

*/s/ Alice K. Herbolsheimer*

ALICE K. HERBOLSHEIMER, ESQ.
Nevada Bar No. 6389
5555 Kietzke Lane, Suite 200
Reno, Nevada 89511
Attorneys for Third-Party Defendant
*SALLY BEAUTY SUPPLY*

-7-

**EXHIBIT "A"**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Guerra v. Dematic, Corp., et. al.*, Civil No. 3:18-cv-00376-LRH-CLB. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information –- including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED:_____.

_____

**ORDER**

The terms of the above stipulation for a protective order by and between DEMATIC CORP., Third-Party Defendant SALLY BEAUTY SUPPLY, LLC f/k/a SALLY BEAUTY COMPANY, INC., and Plaintiff GUISELA AGUIRRE GUERRA, by their respective counsel, shall hereby be the ORDER of this Court.

DATED this 27th day of April, 2022

_____
U.S. MAGISTRATE JUDGE
Case No.: 3:18-cv-00376-LRH-CLB

CERTIFICATE OF SERVICE
*Guerra v. Dematic Corp., et al.*
U.S.D.C. Case No.: 3:18-cv-00376

Pursuant to FRCP 5(b), on **April 27, 2022** the foregoing document entitled: **Stipulated Protective Order** was served via electronic service through the United States District Court for the District of Nevada's ECF system and pursuant to Rule26(a)(1) on the following parties:

| | |
|---|---|
| Steven P. Brazelton, Esq.<br>**Law Office of Steven P. Brazelton**<br>601 S. Arlington Avenue<br>Reno, Nevada 89509<br><br>Attorney for Plaintiff<br>*GUISELA AGUIRRE GUERRA* | Telephone: No.: (775) 826-2380<br>Facsimile No.: (775) 826-2386<br><br>E-Mail:<br>*sbrazelton@brazeltonlaw.com*<br>*dbmckean@brazeltonlaw.com* |
| Jack G. Angaran, Esq.<br>Alice K. Herbolsheimer<br>**Lewis, Brisbois, Bisgaard & Smith, LLP**<br>5555 Kietzke Lane, Suite 200<br>Reno, Nevada 89511<br><br>Attorney for Third-Party Defendant<br>*SALLY BEAUTY SUPPLY* | Telephone No.: (775) 827-6440<br><br>E-Mail:<br>*jack.angaran@lewisbrisbois.com*<br>*alice.herbolsheimer@lewisbrisbois.com*<br>*sherie.morrill@lewisbrisbois.com* |

By:     */s/ Ella Wilczynski*
        An employee of SPRINGEL & FINK LLP

| | |
|---|---|
| From: | Steve Brazelton |
| To: | Chad D. Fuss |
| Cc: | Herbolsheimer, Alice; Nakesha Duncan-Perez; Ella Wilczynski; GuerravDematicCorpetalZ6182496@projects.filevine.com |
| Subject: | Re: Guerra - Stipulated Protective Order |
| Date: | Thursday, April 21, 2022 12:59:59 PM |

OK to use my electronic signature Chad.

Steven P. Brazelton

Law Office of Steven P. Brazelton
601 South Arlington Avenue
Reno, Nevada 89509
775-826-2380
775-826-2386 (fax)
sbrazelton@brazeltonlaw.com


This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.


On Thu, Apr 21, 2022 at 10:38 AM Chad D. Fuss <cfuss@springelfink.com> wrote:

> Steve and Alice-
>
> Attached is a revised Stipulated Protective Order per the Court's order. Please let us know if we can use your electronic signature.
>
> Thank you.
>
> Chad D. Fuss
> Attorney
>
> 
>
> 9075 W. Diablo Drive., Suite 302 | Las Vegas, NV 89148
> Tel: (702) 804-0706 | Fax: (702) 804-0798

This email has been scanned for spam and viruses. Click here to report this email as spam.

| | |
|---|---|
| **From:** | Herbolsheimer, Alice |
| **To:** | Chad D. Fuss; Steve Brazelton |
| **Cc:** | Nakesha Duncan-Perez; Ella Wilczynski; GuerravDematicCorpetalZ6182496@projects.filevine.com |
| **Subject:** | RE: Guerra - Stipulated Protective Order |
| **Date:** | Tuesday, April 26, 2022 5:16:43 PM |
| **Attachments:** | Logo_c83e4cca-d980-4cd9-bfb1-a403ccf5efc2.png |
| | ABOTA_a6827958-d230-4867-b590-83193cddb176.png |

Okay to file with my e-signature.

Alice



**Alice K. Herbolsheimer**  ABOTA
Partner
Alice.Herbolsheimer@lewisbrisbois.com

**T: 775.399.6372  F: 775.827.9256**

5555 Kietzke Lane, Suite 200, Reno, NV 89511  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Chad D. Fuss <cfuss@springelfink.com>
**Sent:** Tuesday, April 26, 2022 12:07 PM
**To:** Steve Brazelton <sbrazelton@brazeltonlaw.com>
**Cc:** Herbolsheimer, Alice <Alice.Herbolsheimer@lewisbrisbois.com>; Nakesha Duncan-Perez <nduncan@springelfink.com>; Ella Wilczynski <ewilczynski@springelfink.com>; GuerravDematicCorpetalZ6182496@projects.filevine.com
**Subject:** [EXT] RE: Guerra - Stipulated Protective Order

Alice-

Can you please let us know if you agree to the revised protective order and we can add your electronic signature? See attached for your reference.

Thank you.


Chad D. Fuss
Attorney



9075 W. Diablo Drive., Suite 302 | Las Vegas, NV 89148
Tel: (702) 804-0706 | Fax: (702) 804-0798


**From:** Steve Brazelton <sbrazelton@brazeltonlaw.com>
**Sent:** Thursday, April 21, 2022 1:00 PM
**To:** Chad D. Fuss <cfuss@springelfink.com>
**Cc:** Herbolsheimer, Alice <Alice.Herbolsheimer@lewisbrisbois.com>; Nakesha Duncan-Perez

&lt;nduncan@springelfink.com&gt;; Ella Wilczynski &lt;ewilczynski@springelfink.com&gt;;
GuerravDematicCorpetalZ6182496@projects.filevine.com
**Subject:** Re: Guerra - Stipulated Protective Order

OK to use my electronic signature Chad.

Steven P. Brazelton

Law Office of Steven P. Brazelton
601 South Arlington Avenue
Reno, Nevada 89509
775-826-2380
775-826-2386 (fax)
sbrazelton@brazeltonlaw.com


This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.


On Thu, Apr 21, 2022 at 10:38 AM Chad D. Fuss <cfuss@springelfink.com> wrote:
> Steve and Alice-
>
> Attached is a revised Stipulated Protective Order per the Court's order. Please let us know if we can use your electronic signature.
>
> Thank you.
>
>
> Chad D. Fuss
> Attorney
>
> 
>
> 9075 W. Diablo Drive., Suite 302 | Las Vegas, NV 89148
> Tel: (702) 804-0706 | Fax: (702) 804-0798



This email has been scanned for spam and viruses. Click here to report this email as spam.



This email has been scanned for spam and viruses. Click here to report this email as spam.