UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUISELA AGUIRRE GUERRA,<br><br>                              Plaintiff,<br>    v.<br>DEMATIC CORP., *et al.*,<br><br>                              Defendant. | Case No. 3:18-cv-00376-LRH-CBC<br><br>ORDER |
| DEMATIC CORP., a Delaware Corporation,<br><br>                            Third-Party Plaintiff,<br>    v.<br>SALLY BEAUTY SUPPLY, LLC F/K/A<br>SALLY BEAUTY COMPANY, INC.,<br><br>                            Third-Party Defendant. | |

       Before the Court are plaintiff Guisela Aguirre Guerra's ("Guerra") objections to Magistrate Judge Baldwin's ("Judge Baldwin") orders resolving various discovery disputes between Guerra and third-party defendant Dematic Corp. ("Dematic). Namely, Guerra objects to Judge Baldwin's orders granting Dematic's motion to strike expert testimony and denying aspects of Guerra's motions to compel evidence and for sanctions (ECF Nos. 144, 151). Dematic filed responses to each objection (ECF Nos. 153, 156). For the reasons articulated below, the Court overrules each of Guerra's objections.

///

I. BACKGROUND

This matter involves a personal injury lawsuit arising out of a warehouse injury. On July 11, 2018, Guerra filed a complaint against Dematic in state court alleging that it negligently caused, and is strictly liable for, an injury Guerra obtained while working for Sally Beauty Supply, LLC ("Sally Beauty"). ECF No. 1-1. Specifically, Guerra alleges that a lift gate—manufactured and installed by Dematic's predecessor—which allows the user to pass through a portion of the conveyor belt system in Sally Beauty's warehouse, injured Guerra's right arm on June 15, 2016. ECF No. 1-1 at 5–6. Dematic removed the case to this Court on August 8, 2018, pursuant to 28 U.S.C. § 1441. ECF No. 1. On January 24, 2019, Dematic filed a third-party complaint against Sally Beauty alleging that, based on an express indemnity provision contained in a 1999 agreement to install the Gate, Sally Beauty is liable for Guerra's injuries because it allegedly made modifications to the conveyor system's safety features. *See* ECF No. 20. After completing discovery on February 28, 2022, the parties filed dispositive motions and made objections to Judge Baldwin's orders related to discovery. The objections form the basis of this Order.

### A. Discovery Disputes

Guerra filed three objections to orders by Judge Baldwin that resolved discovery disputes between Guerra and Dematic. The first concerned issues related to a supplemental expert report submitted by Guerra's expert Dr. Bantum, the second concerned Guerra's request for Dematic's employment advertisements between 1998-2000, and the third concerned Guerra's request for electronic stored information ("ESI") related to Dematic's gate models and associated injuries. The Court will recount each of those discovery disputes below.

#### 1. Dr. Bantum's Supplemental Expert Report

After numerous discovery deadline extensions, on August 20, 2021, the parties filed a joint notice of a discovery dispute. ECF No. 100. Dematic requested to continue discovery due to Guerra newly disclosing a left shoulder injury that occurred on May 27, 2021. *Id.* Dematic claimed it would be prejudiced because the new left shoulder injury prevented it from conducting a full functional capacity evaluation to test the validity of Guerra's expert witness Rhonda

Fiorillo's ("Fiorillo") original July 2, 2018 functional capacity evaluation and report. *Id.* Guerra opposed the continuance. *Id.* Guerra maintained that the new injury to her left arm was foreseeable given the nature of her original right arm injury and her continued employment at a capacity beyond the sedentary level recommended in Fiorillo's 2018 report. *Id.* The parties did not dispute that the "parties' experts can supplement their reports to take [Guerra's] new left shoulder injury into account to give opinions as to whether it is related to or caused by [Guerra's] original right arm injury." *Id.* Judge Baldwin eventually extended discovery for the limited purpose of completing expert and witness depositions by February 28, 2022 but did not abrogate the original scheduling order deadline of August 13, 2021 for initial expert reports. ECF No. 140 at 2.

After the completion of discovery on February 28, 2022, Dematic filed a motion to strike a "supplemental" expert report submitted by Guerra's expert Dr. Bantum. ECF No. 117. Dr. Bantum concluded that the original incident on June 15, 2016 caused the left shoulder injury that occurred on May 27, 2021. ECF No. 117-2 at 13–16.[1] In its motion to strike, Dematic asserted that there was an unjustifiable delay of 88 days between when Guerra was required to disclose Dr. Bantum's expert report (August 13, 2021), and when Guerra actually disclosed the expert report to Dematic (November 9, 2021). ECF No. 117. Guerra, in her opposition to the motion to strike, maintained that the parties agreed in their August 20, 2021 joint notice of discovery dispute that the parties' experts could supplement their expert reports to consider Guerra's new left shoulder injury. ECF No. 125.

Judge Baldwin granted the motion to strike Dr. Bantum's expert report. ECF No. 140. Judge Baldwin found that the report "contained all new causation opinions related to Guerra's new injury," as his opinions "did not address errors or new information but instead sought <u>to add information</u> that should have been included in an initial report." *Id.* at 5 (emphasis in original). Judge Baldwin further found that all but some of the documents Dr. Bantum reviewed for his

---

[1] Dematic also sought to strike a supplemental expert report dated February 5, 2022 from Dr. Bantum where he reviewed Guerra's medical records from August 25, 2005, to January 19, 2022 as well as an addendum to the supplemental report. ECF No. 121-1 at 16–22; ECF No. 123.

3

supplemental report were available before the August 13, 2021 initial expert report deadline.[2] *Id.* Therefore, according to Judge Baldwin, "[t]o allow free 'supplementation' would 'circumvent the full disclosure requirement implicit in Rule 26…'" *Id.* (citing *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003)).

### 2. Employment Advertisements

On February 8, 2022, Guerra filed a motion to compel arguing that Dematic agreed to provide certain responses to requests for production but had failed to do so at the time of the filing of the motion. ECF No. 118. Specifically, the motion to compel sought documentation sufficient to show the current cost of the springs on Dematic's other conveyor gate models, as well as any record of advertisements for employment at Dematic's warehouses from 1998-2000 that may include a description of physical demands for the job to lift material weighing up to 50 lbs. ECF No. 141 at 4–5. Dematic opposed the motion asserting that the requests were not relevant as they concerned gate models not at issue in the case, as well as the fact that neither request proved any element of Guerra's claims. *See* ECF No. 127.

Judge Baldwin denied Guerra's motion to compel. ECF No. 141 at 5. Citing the Federal Rules of Civil Procedure, Judge Baldwin reminded Guerra that "discovery is ordinarily allowed under the concept of relevancy unless the information sought has no bearing on the claims and defenses of the parties." *Id.* To that end, Judge Baldwin found that "Guerra has not shown how discovery related to gates different from the gate at issue in the case is relevant to her strict liability or negligence claims, where both claims relate specifically to the Model 300 gate." *Id.*

### 3. ESI Discovery

On February 9, 2022, Guerra also filed a motion for sanctions, or in the alternative, a motion to compel for "Dematic's failure to comply with [Judge Baldwin's] order directing the parties to cooperate as to ESI discovery."[3] ECF No. 122 at 8. The ESI discovery concerned

---

[2] Specifically, Dr. Bantum reviewed: (1) Guerra's September 24, 2020 and October 2, 2020 depositions; (2) Guerra's June 1, 2021 reporting of the May 27, 2021 injury; (3) Dr. Jarvis's treatment records, dated June 1, 2021 through June 10, 2021; (4) MRI, dated July 30, 2021; and (5) Dr. Dobb's treatment records, dated August 30, 2021, September 27, 2021, and October 25, 2021. ECF No. 140 at 6. Dr. Dobb's treatment records were the only documents not available before the August 13, 2021 initial expert report deadline. *Id.*

[3] Guerra was referencing Judge Baldwin's August 4, 2020 order that directed the parties to meet and confer to discuss ESI and whether it is necessary to modify the discovery plan and scheduling order in any way. ECF No. 72.

information about gate models and the weight of gate models within both Dematic's SalesForce and Microsoft 365 databases. *See id.* at 4. The Microsoft 365 database formed the basis of the motion for sanctions. *Id.* Dematic opposed the motion maintaining that it had not failed to comply with ESI discovery, but rather, the ESI searches requested by Guerra resulted in over 46,000 results on information pertaining to numerous gates designed by Dematic. ECF No. 129. Based on those results, Dematic argued that Guerra was on an ESI discovery "fishing expedition." *Id.* at 8. Judge Baldwin denied Guerra's motion for sanctions, or in the alternative, a motion to compel finding that "information about gates different form the subject gate is irrelevant to the claims and defenses in this case. Dematic is not required to produce irrelevant information." ECF No. 141 at 6.

## II.     LEGAL STANDARD

A magistrate judge may decide non-dispositive pretrial matters. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's order generally operates as a final determination. LR IB 1–3. But if a party timely objects to the magistrate judge's order, a district court judge must review the order and "set aside any part […] that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3–1(a). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 950 (9th Cir. 2013) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). In reviewing the order, the court applies the deferential abuse-of-discretion standard; the magistrate judge's order will be reversed only if the magistrate judge abused her broad discretion. *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007); *see also Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (holding a judge abuses her discretion only when her decision is contrary to law or clear error based on the evidence).

///

**III.    DISCUSSION**

**A. The Court overrules Guerra's objections to Judge Baldwin's orders.**

Guerra raises three objections to Judge Baldwin's orders related to discovery disputes between the parties: (1) Judge Baldwin erroneously granted Dematic's motion to strike Dr. Bantum's expert report by ignoring the relevant timeline of events; (2) Judge Baldwin erroneously denied her motion to compel Dematic's employment advertisements between 1998-2000 by disregarding their relevance to the case; and (3) Judge Baldwin erroneously denied her motion for sanctions, or in the alternative, a motion to compel as to ESI discovery by finding that it concerned irrelevant information about gates different from the subject gate. Each objection is addressed in turn.

1. Dr. Bantum's Supplemental Expert Report

Under the Federal Rules of Civil Procedure, the initial disclosures of expert opinions are conducted in accordance with the timeframe set by a scheduling order or, if no order is entered, pursuant to the time frame stated in the Rules. FED. R. CIV. P. 26(a)(2)(B). The Rules require the initial disclosure of an expert's opinion to be "a complete statement of all opinions the witness will express and the basis and reasons for them. FED. R. CIV. P. 26(a)(2)(B)(i). The initial disclosures must be made on information that is reasonably available to the party, FED. R. CIV. P. 26(a)(1)(E), and a party may supplement its initial disclosure if "the party learns that in some material respect the [initial] disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process…" FED. R. CIV. P. 26(e)

It is with these foregoing concepts in mind that "courts must apply the Rules with an eye toward 'common sense,' keeping in mind the purposes that the Rules are intended to accomplish." *Silvangi v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017) (citing *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592 (D. Nev. 2011)). That is, the Rules ensure that parties are on notice of the factual and legal contentions of the opposing side. *Id.* (citing *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862–63 (9th Cir. 2014)). Importantly, whether or not a supplemental disclosure to the initial disclosure is considered

6

"reasonable" is based on when the information was available to the disclosing party. *Id.* at 241 (citing *American Gen. Life Ins. Co. v. Vistana Condo. Owners Assoc.*, Case No. 2:12-cv-01324-JAD-NJK, 2016 U.S. Dist. LEXIS 54141 (D. Nev. Apr. 21, 2016)); *see also Keener v. United States,* 181 F.R.D. 639, 640 (D. Mont. 1998) ("[s]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.").

Accordingly, here, the inquiry becomes whether or not it was reasonable for Guerra to wait to disclose Dr. Bantum's expert report until after the August 13, 2021 initial expert report deadline. Guerra maintains that Judge Baldwin ignored the relevant factual timeline when the court found that "it is clear [Dr. Bantum] had the information available to [offer an opinion as to causation by no later than August 13, 2021]," and that Dr. Bantum's supplement "did not address errors or new information but instead sought to add information that should have been included in an initial report [on August 13, 2021]." ECF No. 144 at 5. Guerra argues that Dr. Bantum did not have sufficient information to offer an opinion linking her left shoulder injury with the original injury until after the initial expert report deadline. Specifically, after injuring her left shoulder on May 27, 2021, Guerra allegedly could not obtain an MRI on her left shoulder until July 30, 2021 and subsequently received the MRI results on August 16, 2021—three days after the initial expert disclosure deadline. ECF No. 144 at 6. Furthermore, after receiving the MRI records, Dr. Bantum reportedly needed to review all of the accident reports from Sally Beauty and a diagnostic work up from an orthopedic physician, Dr. Dobbs, before he could form an opinion as to causation. *Id.* at 7–8. According to Guerra, this timeline of events justifies an 88 day delay in disclosing Dr. Bantum's expert report to Dematic.

The Court is not convinced. As Judge Baldwin made clear in her order on the motion to strike, Guerra should have disclosed Dr. Bantum's initial opinions related to the causation of the left shoulder injury on or before the August 13, 2021 deadline. ECF No. 140. In his report, Dr. Bantum referenced several documents that were available to him before August 13, 2021 deadline. ECF No. 117-2. Specifically, Dr. Bantum referenced: (1) Guerra's September 24, 2020 and October 2, 2020 depositions; (2) Guerra's June 1, 2021 reporting of the May 27, 2021 injury;

and (3) Dr. Jarvis's treatment records and physical therapy notes, dated June 1, 2021 though June 10, 2021. *Id.* at 13–15. Moreover, Guerra's counsel knew, before the August 13, 2021, deadline, that Guerra's MRI records were on the way as he had already requested them from Reno Diagnostic Center on August 4, 2021. ECF No. 144 at 7. Dr. Bantum could have rightfully made a note in his initial expert report disclosure that the report was incomplete until he supplemented it with the MRI records and Dr. Dobb's diagnostic work up. *See Keener* 181 F.R.D. at 640. With this timeline of events in mind, the Court finds that Judge Baldwin did not abuse her discretion when she found that Dr. Bantum's initial opinions on causation were untimely disclosed.[4] Accordingly, the Court will overrule Guerra's objection to Judge Baldwin's order granting Dematic's motion to strike Dr. Bantum's expert reports.

2. Employment Advertisements

To be discoverable, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" FED. R. CIV. P. 26(b)(1). The relevance standard is one that is necessarily broad in scope so as to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). However, relevancy is not without "ultimate and necessary boundaries." *Hickman*, 329 U.S. at 507. Thus, Courts have broad discretion to determine relevancy for discovery purposes.

Here, Guerra objects to Judge Baldwin's denial of Guerra's request for documents for advertisements for employment at Dematic's warehouses from 1998-2000, which include a description of the physical demands of the job, such as advertisements that mention the work may involve lifting up to 50 lbs. of weight. ECF No. 141 at 4–5. Judge Baldwin found that this request was irrelevant as it did not involve the gate at issue in Guerra's claims, specifically the Model 300 gate. *Id.* Guerra's objection is premised on the erroneous assumption that

---

[4] Despite Guerra's framing to the contrary, Dematic was prejudiced by the untimely disclosure. While Dematic did have an expert, Dr. Serfustini, that made an initial assessment that the May 2021 injury was not related to the June 2016 injury, Dr. Serfustini had no opportunity to rebut Dr. Bantum's opinions as they were disclosed after the rebuttal disclosure deadline on September 10, 2021.

8

advertisements regarding Dematic's warehouses between 1998-2000, and the weight requirements to work there, have bearing on her June 2016 injury at Sally Beauty's warehouse in Reno, NV. Judge Baldwin correctly found that the request involved irrelevant information involving warehouses not at issue to Guerra's claims as they did not involve the Model 300 gate. Accordingly, Judge Baldwin's denial as to Guerra's discovery requests regarding Dematic's employment advertisements between 1998-2000 was not clearly erroneous or contrary to law and the Court overrules Guerra's objection to Judge Baldwin's order denying her motion to compel. *See Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (a discovery request must be "'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence'") (quoting FED. R. CIV. P. 26(b)(1)).

### 3. ESI Discovery

As noted, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" FED. R. CIV. P. 26(b)(1). To that end, Dematic maintains that Guerra's ESI discovery requests in the Microsoft 365 system were overbroad and sought information on gate models that were irrelevant to the case at hand. Judge Baldwin agreed in her order denying Guerra's motion for sanctions, or in the alternative, motion to compel. ECF No. 141 at 6 ("…the Court finds that information about gates different from the subject gate is irrelevant to the claims and defenses in this case.") In her objection, Guerra argues that injuries occurring from those other gate models are relevant as they may show a "substantial similarity" between her injury and other injuries occurring from Dematic's products.

The legal principle of "substantial similarity" provides that "[a] showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect." *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991). And it has been "uniformly recognized that where similarity of facts and conditions between prior accidents and the accident in question is not present, 'the probative value of such prior accident evidence will, in most circumstances, be outweighed by its prejudicial or misleading nature.'" *Dantzler v. S P Park, Inc.*, Case No. No. 87-4434, 1989 U.S. Dist. LEXIS 9794, *9 (E.D. Pa. Aug. 21, 1989).

Although Guerra refers to this legal principle, upon a review of the written discovery and depositions, no evidence exists of any injury involving the same Model 300 gate at issue in this case. Instead, Guerra found a customer complaint involving an HK Systems gate which has no relation to the Model 300 gate. ECF No. 188-2. As such, Judge Baldwin correctly found that Dematic's Microsoft 365 search results, totaling in 46,354–77 items, were irrelevant to the instant claims. ECF No. 141 at 6. Accordingly, Judge Baldwin's denial as to Guerra's discovery requests pertaining to ESI discovery was not clearly erroneous or contrary to law, and in fact, conforms with the principle that only "substantially similar accidents" are relevant. The Court overrules Guerra's objection to Judge Baldwin's order denying her motion for sanctions, or in the alternative, motion to compel.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Guerra's objections (ECF Nos. 144, 151) to Judge Baldwin's orders are **OVERRULED**.

IT IS SO ORDERED.

DATED this 15th day of July, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE